UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE SMITH,<br><br>        Plaintiff,<br><br>    v.<br><br>ALEXA CORDOZA,<br><br>        Defendant. | Case No.  1:24-cv-00200-KES-BAM<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO AMEND<br><br>(Doc. 1) |

Plaintiff Candace Smith ("Plaintiff"), proceeding pro se and in forma pauperis, initiated this civil action on February 14, 2024.  (Doc. 1.)  Plaintiff's complaint is currently before the Court for screening.

**I.  Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis.  28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

1  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.   Summary of Plaintiff's Allegations**

Plaintiff names the following defendants:  (1) Alexa Cordoza; (2) USSA Inc.; (3) Afni Subrogation Department; and (4) Michelle Cordoza.  (Doc. 1 at 2-3.)

Plaintiff alleges:  "Up such Alex Cordoza hit and run dui drugs drunk driver hit my car ran from cops committed a fraud claim insurance company lied about liability & billed the plaintiff for a dui drunken driver.  Bias and discrimination on injury party." (Doc. 1 at 5.)  As relief, Plaintiff states, "Vehicle Damages injuries punitive." (*Id.* at 6.)  She alleges the amount in controversy is $100,000.  (*Id.* at 5.)

**III.   Discussion**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to establish this Court's jurisdiction.  As Plaintiff is proceeding in pro se, the Court will allow Plaintiff an opportunity to amend her complaint to the extent she can do so in good faith.

**A.  Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

2

claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's complaint is not a plain statement of her claims. While short, Plaintiff's complaint does not clearly state what happened, when it happened or who was involved. Although the action appears to involve an alleged vehicle accident and insurance claim, Plaintiff does not provide supporting factual allegations. Further, Plaintiff's complaint does not include any allegations identifying or otherwise relating to Defendants Michelle Cordoza, USSA Inc., or Anfi Subrogation Department. Without basic information concerning what happened, the Court cannot determine if she states a cognizable claim for relief. If Plaintiff files an amended complaint, it should be a short and plain statement of her claims and it must include factual allegations related to her claims that identify what happened, when it happened, and who was involved. Fed. R. Civ. P. 8.

**B. Federal Court Jurisdiction**

Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by the Unites States Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)). Without jurisdiction, the district court must dismiss the case. *See Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Generally, there are two bases for subject matter jurisdiction: (1) diversity jurisdiction; and (2) federal question jurisdiction. 28 U.S.C. §§ 1331, 1332. As pled, the complaint fails to allege this Court's subject matter jurisdiction.

**1. Diversity Jurisdiction**

Pursuant to 28 U.S.C. § 1332, federal district courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000," and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a)(1).

1    Plaintiff asserts that the basis for federal court jurisdiction is diversity of citizenship.
2 (Doc. 1 at 3.)  However, Plaintiff does not allege that the parties' citizenship is completely
3 diverse.  According to the complaint, Plaintiff and Defendants Alexa Cordoza and Michelle
4 Cordoza are citizens of California.  (Doc. 1 at 2, 3.)  Thus, Plaintiff's complaint does not establish
5 diversity jurisdiction.

6    **2.  Federal Question Jurisdiction**

7    Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil
8 actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises
9 under' federal law either where federal law creates the cause of action or 'where the vindication
10 of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican
11 Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd.
12 v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). The presence or absence of
13 federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v.
14 Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction
15 exists only when a federal question is presented on the face of the plaintiff's properly pleaded
16 complaint." *Id.*

17    Plaintiff does not allege any violation arising under the Constitution, laws, or treaties of
18 the United States. Indeed, Plaintiff does not cite any particular federal statute or constitutional
19 provision that would be applicable to the allegations in her complaint.  To the extent Plaintiff is
20 attempting to asserts claims for breach of contract or fraud, those claims sound in state law, not
21 federal law.  Thus, Plaintiff's complaint does not establish federal question jurisdiction.

22    **IV.    Conclusion and Order**

23    Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to
24 establish this Court's jurisdiction.  As Plaintiff is proceeding pro se, the Court will grant Plaintiff
25 an opportunity to amend her complaint to cure these deficiencies to the extent she is able to do so
26 in good faith.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

27    Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what
28 each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*,

556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).  Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in her first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and
3. If Plaintiff fails to file an amended complaint in compliance with this order, then the Court will recommend dismissal of this action for failure to obey a court order and for lack of jurisdiction.

IT IS SO ORDERED.

Dated:  **April 8, 2024**              /s/ *Barbara A. McAuliffe*          
                                                     UNITED STATES MAGISTRATE JUDGE

5