1
2
3
4
5
6
7
8               UNITED STATES DISTRICT COURT
9            FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   CANDACE SMITH,                          Case No.  1:24-cv-00200-KES-BAM

12               Plaintiff,                   FINDINGS AND RECOMMENDATIONS
                                             REGARDING DISMISSAL OF ACTION
13        v.
                                             (Doc. 6)
14   ALEXA CORDOZA,
                                             **FOURTEEN (14) DAY DEADLINE**
15               Defendant.

16

17        Plaintiff Candace Smith ("Plaintiff"), proceeding pro se and in forma pauperis, initiated

18   this civil action on February 14, 2024.  (Doc. 1.)  On April 8, 2024, the Court screened Plaintiff's

19   complaint and granted her leave to amend within thirty (30) days.  (Doc. 5.)  Plaintiff's first

20   amended complaint, filed on May 16, 2024, is currently before the Court for screening.  (Doc. 6.)

21        **I.      Screening Requirement and Standard**

22        The Court screens complaints brought by persons proceeding in pro se and in forma

23   pauperis.  28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to

24   dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be

25   granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28

26   U.S.C. § 1915(e)(2)(B)(ii).

27        A complaint must contain "a short and plain statement of the claim showing that the

28   pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.      Summary of Plaintiff's Allegations

Plaintiff names the following defendants:  (1) Intact Insurance; (2) USSA Insurance; (3) Alexa Cordoza; and (4) Marissa.  (Doc. 6 at 2-3.)

Plaintiff alleges:  "Hit and Run Insurance liability" and "Breach of contract."  (Doc. 6 at 5.)  As relief, she seeks punitive and compensatory damages.  (*Id.* at 6.)

## III.     Discussion

### A.  Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's complaint is not a plain statement of her claims.  While short, Plaintiff's complaint does not clearly state what happened, when it happened, or who was involved.

2

Although the action appears to involve an alleged hit and run and an insurance claim, Plaintiff does not provide supporting factual allegations.  Further, Plaintiff's amended complaint does not include any allegations specific to the named defendants.  Without basic information concerning what happened, the Court cannot determine that Plaintiff states a cognizable claim for relief. Despite being provided with the relevant pleading standard, Plaintiff has been unable to cure this deficiency.

### B.  Federal Court Jurisdiction

Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by the Unites States Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)). Without jurisdiction, the district court must dismiss the case. *See Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988).  Generally, there are two bases for subject matter jurisdiction: (1) diversity jurisdiction; and (2) federal question jurisdiction. 28 U.S.C. §§ 1331, 1332.  As pled, the complaint fails to allege this Court's subject matter jurisdiction.

### 1.  Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000," and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a)(1).

Plaintiff does not allege that the parties' citizenship is completely diverse.  Indeed, Plaintiff does not include any information regarding the citizenship of any of the named defendants.  Thus, Plaintiff's complaint does not establish diversity jurisdiction.

### 2.  Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication

of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Plaintiff does not allege any violation arising under the Constitution, laws, or treaties of the United States.  Although Plaintiff purports to base her claim on federal question jurisdiction (*see* Doc. 6 at 3), Plaintiff does not cite any particular federal statute or constitutional provision applicable to the allegations in her complaint.  To the extent Plaintiff is attempting to assert claims for breach of contract, that claim sounds in state law, not federal law.  Thus, Plaintiff's amended complaint does not establish federal question jurisdiction.

**IV.    Conclusion and Order**

For the reasons discussed, the Court finds that Plaintiff's amended complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to establish this Court's jurisdiction. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in her complaint.  Further leave to amend is not warranted.  *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir 2000).

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's complaint be dismissed for failure to comply with Federal Rule of Civil Procedure 8 and for failure to establish this Court's jurisdiction.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiffs may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiffs are advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual

4

findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 22, 2024**                          /s/ Barbara A. McAuliffe

UNITED STATES MAGISTRATE JUDGE